LOWY, J. (concurring).
I agree with the court that, in the circumstances of this case, use of an incendiary device in violation of G. L. c. 266, § 102A, qualifies as a predicate offense under the pretrial detention statute, *86 G. L. c. 276, § 58A ( § 58A ). I also agree that rape aggravated by age difference, G. L. c. 265, § 23A ( § 23A ), does not qualify as a predicate offense under § 58A. I write separately because such a counterintuitive result requires further discussion and consideration by the Legislature.
As discussed in the court's opinion, the pretrial detention statute does not list rape aggravated by age difference as a qualifying offense. Given today's result, the Legislature may choose to consider this omission with alacrity.[20] There is an apparent explanation for why aggravated rape is not enumerated as a qualifying offense -- it presumably falls within the residual clause of § 58A. Our decision today makes clear, however, that the residual clause is unconstitutionally vague. Finally, the force clause of § 58A applies only when an element of the offense is "the use, attempted use or threatened use of physical force against the person of another." G. L. c. 276, § 58A (1). Aggravated rape, as it applies to this indictment, means that there was intercourse between individuals more than ten years apart in age. Indeed, the point of criminalizing this serious and disturbing conduct is that such conduct is deeply offensive, regardless of whether force is used. The Commonwealth's argument that § 23A falls within the force clause is to ignore the egregiousness of a violation of § 23A even when no force is involved.
**240 Although our conclusion with respect to aggravated rape is unfortunate, it is correct under the law as currently written. Therefore, I concur in the judgments.

Indeed, there is pending legislation to this effect. See 2018 House Doc. No. 4903.